IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| | * | |
| | * | **Crim. No.: MJM-22-60** |
| v. | * | |
| | * | |
| **KACEY BROOKS,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

Currently pending is the Government's Motion to Exclude Time Pursuant to the Speedy Trial Act, filed on February 2, 2024. ECF No. 72. The Government requests a finding that the period from July 14, 2023, through March 15, 2024, is excluded from computation under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq*. *Id.* at 5. Defendant Kacey Brooks opposes the motion. ECF No. 73. The Government filed an untimely reply with the defense's consent. ECF No. 77. No hearing is necessary. Loc. R. 105.6 & 207.1 (D. Md. 2023). For reasons stated herein, the motion is GRANTED IN PART and DENIED IN PART.

I.     BACKGROUND

An Indictment was filed in this case on February 17, 2022, charging Mr. Brooks and Willie Small in a total of eleven counts. ECF No. 23. Mr. Small pleaded guilty to two counts and has been sentenced. ECF No. 56. Mr. Brooks is charged in three counts: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846; Distribution of Cocaine Base, in violation of 21 U.S.C. § 841; and Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). ECF No. 23. Mr.

1

Brooks was not located by law enforcement and arrested until April 2023, after which he made an initial appearance in the U.S. District Court for the Eastern District of Virginia. ECF No. 62. His initial appearance in the District of Maryland occurred on May 5, 2023, and counsel was appointed to represent him in this matter. The Government produced discovery to Mr. Brooks on June 30, 2023, and July 27, 2023. ECF No. 70.

This matter was re-assigned to the undersigned on November 15, 2023. At that point, no trial had been scheduled, and no motion had been filed, nor court order entered, to exclude time pursuant to the Speedy Trial Act. The Court directed the parties to file a joint status report on or before January 8, 2024. ECF No. 69. In a status report filed on that date, counsel for the Government stated that it "anticipate[d] producing additional discovery to counsel for the defense in the future" and, on behalf of the parties, requested "additional time to determine whether Mr. Brooks' case [could] be resolved short of trial, including by undertaking plea negotiations[]" before the Court scheduled any hearing or trial. ECF No. 70. The status report further stated that "[t]he Government plan[ned] to file a motion to exclude time from computation under the Speedy Trial Act through March 9, 2024." *Id.*

The Government did not file the motion until February 20, 2024. ECF No. 72. In the motion, the Government requests an order excluding the period from July 14, 2023, through March 15, 2024, from time computations under the Speedy Trial Act, based on a finding that the ends of justice served from excluding this period outweigh the best interests of Mr. Brooks and the public in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7). *Id.* It argues, *inter alia*, that: "the Parties will be in a better position to evaluate whether this case can be resolved via a plea agreement[]" after the production of additional discovery; "[t]he interests of justice would be served by allowing the Parties time to produce and review additional discovery and engage in plea negotiations . . . before

scheduling a trial"; and the requested exclusion of time would allow the defense to prepare and file pretrial motions. *Id.*

Mr. Brooks filed a response in opposition to the motion on February 26, 2024, arguing that the eight-month exclusion of time requested by the Government is not permitted under the Speedy Trial Act. ECF No. 73. The defense points out that that "the government did not raise the possibility of a plea until more than five months after the expiration of the [Speedy Trial Act] clock[,]" and states that the Government's requested exclusion of time would not help the defense because discovery remains incomplete. *Id.* The Government did not file a reply at that time. On March 11, 2024, counsel for Mr. Brooks filed a status report stating that there had been no activity in the case since the filing of Mr. Brooks's response to the motion. ECF No. 74.

The Court conducted a telephonic status conference with counsel for the parties on May 20, 2024. Counsel for Mr. Brooks did not oppose permitting the Government to file an untimely reply in support of the pending motion, and a deadline was set for the Government to file a reply. The reply was filed on May 28, 2024. ECF No. 77. In the reply, the Government states that it produced additional discovery to Mr. Brooks on May 22, 2024, *id.*, but offers no additional facts to explain its delay in doing so since July 2023.

## II.   APPLICABLE LAW

The Speedy Trial Act "requires the government to proceed to trial within 70 days of the indictment or the defendant's initial court appearance, whichever occurs later." *United States v. Smart*, 91 F.4th 214, 220 (4th Cir. 2024) (citing 18 U.S.C. § 3161(c)(1)). "If this 70-day period elapses and the defendant moves to dismiss the charges on Speedy Trial grounds before trial, then the charges 'shall be dismissed.'" *United States v. Velasquez*, 52 F.4th 133, 136 (4th Cir. 2022)

(quoting § 3162(a)(2)). "But [the Act] also contains exceptions that toll this 70-day clock." *Smart*, 91 F.4th at 220 (citing § 3161(h)).

Apart from several enumerated exceptions, § 3161(h) provides that a period of delay "resulting from a continuance granted by [the court]" may toll the 70-day clock "if the judge granted such continuance" based on "his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Such a period of delay is excludable only if "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* This ends-of-justice balancing must be conducted contemporaneously with granting the continuance. *United States v. Hart*, 91 F.4th 732, 740–41 (4th Cir. 2024). The Fourth Circuit has held that "nunc pro tunc or retroactive continuances that are made after the expiration of the time within which the defendant should have been tried for reasons the judge did not consider before lapse of the allowable time are inconsistent with the Act." *United States v. Carey*, 746 F.2d 228, 230 (4th Cir. 1984). The court must put its findings on the record "by the time it rules on a defendant's motion to dismiss under the Speedy Trial Act." *United States v. Pair*, 84 F.4th 577, 584 (4th Cir. 2023), *cert. denied*, No. 23-7232, 2024 WL 2709396 (May 28, 2024). Section 3161(h)(7)(B) provides a non-exhaustive list of factors for the court to consider in conducting the required balancing.[1] An ends-of-justice continuance cannot be supported by "general congestion

---

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

### III. ANALYSIS

The record before this Court does not support excluding the entire period from July 14, 2023, through March 15, 2024, pursuant to § 3161(h)(7). It appears that the parties had no substantive communication or interaction about this case between July 27, 2023—when the Government made a second production of discovery—and January 8, 2024—when, at the Court's direction, the parties filed a status report. According to counsel for Mr. Brooks, the Government did not "broach[] the possibility of plea negotiations[]" until January 8, 2024, ECF No. 73 at 2—the date the status report was due. By the time the status report was filed on January 8, 2024, the period in which this matter was required to proceed to trial, pursuant to § 3161(c), had long expired. It was not until the status report was filed that the Court was in a position to conduct the ends-of-justice balancing required by § 3161(h)(7). By then, it was too late. *See Carey*, 746 F.2d at 230 (holding post-expiration "nunc pro tunc or retroactive continuances" to be invalid).

Moreover, the status report filed on January 8th and the motion that followed on February 20th both fall short of offering any justification for continuing trial for the entirety of the period

---

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

§ 3161(h)(7)(B)(i)–(iv).

since July 2023. No plea discussions were had at any point before January 8th. The status report states that, at that time, the Government anticipated producing more discovery. This additional discovery still remained to be produced at the time the motion was filed six weeks later. It was not produced until May 22nd. At no point does the Government explain why it did not produce this discovery until nearly four months after the status report—and the better part of a year after its prior discovery productions.

From the face of the Indictment, this case does not appear to be particularly unusual or complex, *see* § 3161(h)(7)(B)(ii), and Mr. Brooks clearly did not require the balance of 2023 after his initial appearance to secure representation, *see* § 3161(h)(7)(B)(iv). The Court has been presented with no reason to doubt that this matter could have proceeded to trial at some point during that period of several months. *See* § 3161(h)(7)(B)(i).[2]

The Government's motion is DENIED as to the period from July 14, 2023, through January 7, 2024. The Government has offered practically nothing to weigh against Mr. Brooks's and the public's interests in this matter proceeding to trial during that period.

The motion is GRANTED, however, as to the period from January 8, 2024, to March 15, 2024. Additionally, the period from March 15, 2024, to June 27, 2024, shall be excluded from time computations under the Speedy Trial Act.[3] The Court finds that the ends of justice served by a continuance for the period since January 8, 2024, outweigh the best interest of Mr. Brooks and the

---

[2] The only new substantive argument the Government makes in its reply references several consent Orders entered by the Court in 2022 tolling the Speedy Trial Act clock as to Mr. Small—before the clock even began to run for Mr. Brooks after his initial appearance in 2023. The Government argues that the reasons justifying these Orders in 2022 now justify an Order tolling Mr. Brooks's Speedy Trial Act clock. The Government cites no authority for the proposition that the circumstances of Mr. Small's prosecution in 2022 can justify a delay in Mr. Brooks's case in 2023 and 2024, and the Court is not persuaded that they can.

[3] Section 3161(h)(7) permits the court to grant a continuance on its own motion based upon an ends-of-justice finding.

public in a speedy trial. Specifically, the Government initiated discussions to resolve the case short of trial on January 8, 2024; filed a motion to exclude time from Speedy Trial Act computations on February 20, 2024; and produced additional discovery on May 22, 2024. The parties have needed the period since January 8, 2024, to discuss a potential resolution of the case and for Mr. Brooks to review discovery with his counsel and consider preparing pretrial motions and/or a defense at trial.

## IV.    ORDER

The Government's Motion to Exclude Time Pursuant to the Speedy Trial Act (ECF No. 72) is GRANTED IN PART and DENIED IN PART. The motion is DENIED as to the period from July 14, 2023, through January 7, 2024, and GRANTED as to the period from January 8, 2024, to March 15, 2024. Additionally, the period from March 15, 2024, to June 27, 2024, shall be tolled. In total, the period from January 8, 2024, to June 27, 2024, shall be excluded from time computations under the Speedy Trial Act, based on findings made herein.

It is so ordered.

  5/30/24  
Date

              /S/                  
Matthew J. Maddox  
United States District Judge